## State Farm Insurance Cos. v. Helfen

C.P. of Fayette County, no. 2182 of 1993, G.D.

*William Radcliffe,* for plaintiff.
*Cynthia M. Danel,* for defendants.

SOLOMON, *J.,* February 26, 1997—In the matter before the court, the plaintiff, State Farm Insurance Companies, brought a declaratory judgment suit seeking determination of its liability to pay the defendants',

Robert H. Helfen and Margaret D. Helfen, underinsured motorist vehicle coverage claim.

After a non-jury trial, the court makes the following findings of fact:

## FINDINGS OF FACT

(1) Margaret Helfen was injured while riding as a passenger on a motorcycle driven by her husband, Robert Helfen, on May 23, 1993.

(2) The defendants jointly owned the motorcycle, which was insured by Midwest Mutual Insurance Company, with liability limits of $15,000 per person.

(3) Robert Helfen was the only named insured on the Midwest Mutual Insurance policy.

(4) Midwest has offered its liability limits and the defendant wife is making an underinsurance claim against the plaintiff, State Farm Insurance.

(5) At the time of the accident, the defendants also owned two other motor vehicles, which were insured by State Farm Insurance with underinsured coverage of $25,000 per person and $50,000 per accident.

(6) Both Robert Helfen and Margaret Helfen were named insureds on the State Farm policy.

(7) The State Farm policy had an exclusion which provided that an *"underinsured motor vehicle* does not include a land motor vehicle furnished for the regular use of a named insured."

(8) The motorcycle involved in the accident was available for Robert Helfen's regular use.

(9) Prior to purchasing the motorcycle, Margaret Helfen completed an application for insurance with State Farm Insurance in an attempt to obtain coverage for the motorcycle, listing both Robert and Margaret Helfen as insureds. However, the insurance policy was not issued because State Farm wanted to see the motorcycle.

## DISCUSSION

The court has found as a fact that there was a valid and existing State Farm policy which insured two other

vehicles owned by the defendants on the date of the motorcycle accident. That policy, which is at issue herein, contains a "family car exclusion," which provides that an "underinsured motor vehicle does not include any land motor vehicle furnished for the regular use of a named insured." It is under this exclusion that State Farm has denied the defendant wife underinsured benefits.

Although there appears to be no controlling case exactly on point, our Superior Court has found that a "family car exclusion" is presumed to be invalid and unenforceable as being void as against public policy. *Marroquin v. Mutual Benefit Insurance Company,* 404 Pa. Super. 444, 591 A.2d 290 (1991). Citing the case of *American Motorist Insurance Company v. Sarvela,* 327 N.W.2d 77 (Minn. 1982), the *Marroquin* court found that family car exclusions that exclude underinsured motorist benefits if the insured is injured while occupying a vehicle owned by the insured or a family member are presumed to be invalid, unless there is an attempt to convert underinsured coverage into liability coverage. *Id.*

In *Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 640 A.2d 1234 (1994), the Supreme Court of Pennsylvania enforced a family car exclusion where it appeared the claimant was using inexpensive underinsured coverage as a substitute for more expensive liability insurance coverage. We find such to be the case here.

Instantly, the defendant claimants were the joint owners of the "underinsured" motorcycle which was insured for only $15,000 in liability coverage. Instead of insuring the motorcycle for $50,000 of liability coverage, as they did with their automobiles, they made a conscious decision to insure the motorcycle with a different insurer for substantially less coverage than they had obtained on their automobiles from State Farm. As in *Paylor, supra,* to void the family car exclusion here would

allow the defendants to convert underinsured coverage into liability coverage.

We, therefore, conclude that the facts of this case fall within the limited exception found in *Marroquin, supra,* which permits the family car exclusion to be enforced where there is an attempt to convert underinsured motorist coverage into liability coverage.

## ORDER

And now, February 26, 1997, after non-jury trial, the court finds in favor of the plaintiff, State Farm Insurance Companies, and against the defendants, Robert Helfen and Margaret Helfen.